UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KELLY LaROE, )<br>)<br>    Plaintiff, )<br>v. )<br>)<br>COMMONWEALTH OF )<br>MASSACHUSETTS, )<br>DIVISION OF LAW APPEALS )<br>BSEA, and SPRINGFIELD )<br>PUBLIC SCHOOLS, )<br>)<br>    Defendants. ) | Civil Case No. 3:21-30020-MGM |

REPORT AND RECOMMNEDATION REGARDING PLAINTIFF'S MOTION
EMERGENCY INJUNCTION FOR STUDENT TO REMAIN IN CURRENT PLACEMENT
DURING FEDERAL APPEAL OF FAPE
(Dkt. No. 46)

I. Introduction

Ms. LaRoe seeks an order pursuant to 20 U.S.C. § 1415(j) requiring the City of Springfield (City) to maintain the placement of her son, referred to as Ollie L., in classes at the American International College during the pendency of her appeal of a decision or decisions by the Bureau of Special Education Appeals (BSEA) related to special education services provided to Ollie L. by the City. For the reasons set forth below, I recommend that the motion be DENIED.[1]

II. Relevant Background

The dispute between the parties related to the instant motion is comparatively narrow. The Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 et seq. (IDEA), requires the

---

[1] Because Ollie turned twenty-two on April 6, 2022, and the City has paid for services for Ollie in his current placement only through May 6, 2022, the court prepared its Report and Recommendation on an expedited basis.

1

states to provide a free appropriate public education (FAPE) to students with disabilities as a condition of receiving federal funds. *See Pihl v. Mass. Dept. of Educ.*, 9 F.3d 184, 187 (1st Cir. 1993). "In Massachusetts … disabled children remain eligible for special education services up to the age of twenty-two, provided they have not yet attained a high school diploma or its equivalent." *Id.* (citing Mass. Gen. Laws ch. 71B, §§ 1, 3). Ollie turned twenty-two on April 6, 2022 (Dkt. No. 46). Ms. LaRoe has filed suit on Ollie's behalf alleging, among other things, that the City failed to provide him with services required by his individualized education plan (IEP) and seeking services beyond her son's twenty-second birthday (Dkt. No. 1).

The IDEA provides that "during any proceedings to enforce it 'the child shall remain in the then current educational placement of such child' unless the parents agree otherwise." *Bd. of Educ. of Oak Park & River Forest High Sch. Dist. 200 v. Ill. State Bd. of Educ.*, 79 F.3d 654, 656 (7th Cir. 1996). This is the IDEA's so-called "stay put" provision. *Id.* Ms. LaRoe contends that the stay put provision operates even after Ollie turns twenty-two. The City contends that Ollie's eligibility for services ended on April 6, 2022, the day he turned twenty-two, although the City has paid for services in his current placement through May 6, 2022 (Dkt. No. 50 at 3-4). The City contends that Ollie's only entitlement to services paid for by the City after his twenty-second birthday would be in the form of compensatory services if a BSEA hearing officer found that Ollie did not receive services to which he was entitled under his individualized education plan (IEP) while he was an eligible student, i.e., before he turned twenty-two (Dkt. No. 50 at 4).

III.    Discussion

So far as the court has been able to determine, the few courts that have considered the issue have ruled, commented, or implied that the right to a stay put order expires when an individual ceases to be eligible for services under the IDEA (in Massachusetts, at age twenty-

two). In *Honig v. Doe*, 484 U.S. 305 (1987), the Supreme Court held that, where Doe was beyond the age of entitlement for special education services, he could not require the school district to comply with the Act, presently or in the future. *Id.* at 318. In the *Oak Park* case, the Seventh Circuit held that "[o]nce the child reaches the age at which he is no longer entitled to the protection of the Act, the stay-put provision, which is intended to prevent the child from losing benefits to which he is entitled, loses its rationale." *Oak Park*, 79 F.3d at 660. The *Oak Park* court concluded that the stay put provision does not operate beyond eligibility under the IDEA. *Id.* In *A.D. ex rel. L.D. v. Haw. Dept. of Educ.*, 727 F.3d 911 (9th Cir. 2013), the Ninth Circuit commented that "it is reasonable to think that the age limit Congress incorporated into the IDEA itself implicitly delimits the stay-put provision …." *Id.* at 916. *See also Hilden v. Lake Oswego Sch. Dist. No. 7J*, Civ. No. 94-1117-FR, 1994 WL 519032, at *2 (D. Or. Sept. 20, 1994) (the court denied the plaintiffs' motion for a stay put order because the individual who had received special education services was no longer entitled to those services because of his age). While the First Circuit has not directly addressed the question of whether the IDEA's stay put provision continues to apply when an individual is no longer eligible for services because of his age, the *Pihl* case implies that this is so. In *Pihl*, the First Circuit rejected the contention that the City of Lowell could not be required to provide educational services because the student had turned twenty-two. The First Circuit held that, even if the student was not entitled to services under an IEP because of his age, he could still ask Lowell to "compensate him for rights he claims the school district denied him in the past." *Pihl*, 9 F.3d at 189 (citing *Lester H. v. Gilhool*, 916 F.2d 865, 872 (3d Cir. 1990)). The First Circuit held in *Pihl* that the plaintiff would be entitled to *compensatory* services beyond the age of twenty-two if he proved that the school district had not provided him with a FAPE while he was eligible. *Id.* at 189-90. It is a fair inference from the

*Pihl* decision that the First Circuit would reject a claim for a stay put order that required a city or town to continue providing special education services to a student who was past the age of twenty-two during the resolution of an appeal from a BSEA order denying services.  *See also Dracut Sch. Comm. v. Bureau of Special Educ. Appeals of the Mass. Dep't of Elementary & Secondary Educ.*, 737 F. Supp. 35, 54 (D. Mass. 2010) (the court stated that it could find no authority for a hearing officer to extend a student's eligibility for services under the IDEA as an equitable remedy).  This court further notes that, according to the Commonwealth, a BSEA hearing officer denied a motion by Ms. LaRoe to extend Ollie's current placement on the basis that it was well-established that the stay put doctrine was inapplicable after a student's twenty-second birthday (Dkt. No. 51 at 2).

      The cases on which Ms. LaRoe relies are not to the contrary.  In *Stock v. Mass. Hosp. Sch.*, 467 N.E.2d 448 (Mass. 1984), the Court held that graduation at age eighteen, which ended the student's eligibility for special education services, was a change in placement that required parental notification and involvement in the decision-making process.  The court held that the student would be entitled to the special education services of which he had been deprived between his graduation and the date on which he turned twenty-two.  *Id.* at 455.  *Cronin v. Bd. of Educ. of the E. Ramapo Cent. Sch. Dist.*, 689 F. Supp. 197 (S.D.N.Y. 1988) is similar.  In neither case did the court discuss a request for a stay put order rather than the provision of compensatory services for a student beyond the age of twenty-two.  The BSEA hearing decision submitted by Ms. LaRoe also addressed whether compensatory services were due to a student who had graduated from high school.

      Although Ms. LaRoe contends in her motion that the "Department of Education has ruled Ollie is entitled to an entire semester of Speech and Language Services denied to him August

2021 to December 2021," she has not provided any evidence to support this contention. To the contrary, the parties agreed at the hearing on Ms. LaRoe's motion that there is a pending matter before the BSEA in which Ms. LaRoe claims that the City failed to provide Ollie with the speech/language and reading services that were specified in his IEP from April 2021 to April 2022 (encompassing the August to December 2021 period). The hearing in this BSEA matter was recently continued at Ms. LaRoe's request. If she prevails in this proceeding, Ollie may be awarded compensatory services for the City's alleged omission and those compensatory services will be provided notwithstanding his age. *See Pihl*, 9 F.3d at 189. Where that issue is pending before the BSEA in active proceedings, Ms. LaRoe has not satisfied the administrative exhaustion requirement and the court cannot order compensatory services for Ollie. *See Pihl*, 9 F.3d at 190-91 (parties ordinarily must exhaust administrative remedies before initiating court action).

IV. Conclusion

For the foregoing reasons, I recommend that the court deny Ms. LaRoe's Motion Emergency Injunction for Student to Remain in Current Placement During Federal Appeal of FAPE (Dkt. No. 46).[2]

---

[2] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of service of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

                                          /s/ Katherine A. Robertson  
                                        KATHERINE A. ROBERTSON  
                                        United States Magistrate Judge

DATED:  April 20, 2022