UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KELLY LaROE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| COMMONWEALTH OF ) | |
| MASSACHUSETTS ) | Case No. 3:21-cv-30020-MGM |
| DIVISION OF LAW APPEALS ) | |
| BSEA and SPRINGFIELD ) | |
| PUBLIC SCHOOLS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER ON DEFENDANT, SPRINGFIELD PUBLIC SCHOOL'S, MOTION TO STRIKE SCANDALOUS MATERIAL IN PLAINTIFF'S "MOTION TO REOPEN OLLIE I AND OLLIE II BECAUSE OF THE DEFENDANT'S FRAUDULENT CONCEALMENT, REQUEST FOR HEARING, DAMAGES, AND CHARGES FOR THE FRAUDULENT CONCEALMENT" (ECF NO. 147) AND PLAINTIFF'S MOTION TO QUASH SAME**
(Dkt. Nos. 155 & 159)

Plaintiff brings this action against Springfield Public Schools ("SPS") and the Bureau of Special Education Appeals ("BSEA" and, together with SPS, "Defendants") seeking judicial review pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*, of two BSEA decisions, referred to herein as *Ollie I* and *Ollie II*, related to special education services the City of Springfield provided to her son. Plaintiff also has a surviving claim against BSEA for disability discrimination against her in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12111 *et seq.*, arising from BSEA's alleged denials of her requests for reasonable accommodations during the BSEA hearing process, and against SPS for unlawful retaliation against her for advocating for her son's right to be free from disability-based discrimination in the provision of a Free and Appropriate Education ("FAPE") as required by the IDEA in violation of Section 504 of the Rehabilitation Act of 1973 ("Section

1

504" or "Rehabilitation Act"), 29 U.S.C. §§ 794 *et. seq.*, and the ADA.  This order resolves two motions, one filed by SPS and the other by Plaintiff (Dkt. Nos. 155 and 159).  Both motions are DENIED.

I.   **Procedural History**

The court set a separate schedule for Plaintiff's *Ollie I* appeal in order to not unduly delay its resolution while the viability of Plaintiff's untimely appeal of *Ollie II* is determined (Dkt. No. 105).  Pursuant to the court's schedule, the deadline for Plaintiff to file a motion for summary judgment with respect to her *Ollie I* appeal was September 29, 2023, and the deadline for SPS to file any responsive papers, including any cross-motion for summary judgment, was October 30, 2023 (Dkt. No. 105 at 1).  Whereas Plaintiff did not move for summary judgment by the time she was required to do so, SPS has filed a motion for summary judgment (Dkt. No. 142).  Initially, Plaintiff did not file an opposition to SPS's motion for summary judgment, a pleading which would have been due by November 20, 2023.[1]  *See* D. Mass., L.R. 7.1 (b)(2) (requiring a party opposing summary judgment to file their opposition within 21 days).  Instead, on November 16, 2023,  Plaintiff filed a "Motion to Reopen Ollie I and Ollie II because of the Deffendnat's [sic] Fraudulent Concealment, Request for Hearing, Damaged [sic] and Charges for the Fraudulent Concealment" (hereinafter, "Plaintiff's motion to reopen") (Dkt. No. 147).  SPS filed an opposition to Plaintiff's motion to reopen (Dkt. No. 148), as well as one of the two instant motions, which SPS styled a "Motion to Strike Scandalous Material in [Plaintiff's motion to reopen]" (hereinafter "SPS's motion to strike") (Dkt. No. 155).  Plaintiff did not file an opposition substantively addressing the merits of SPS's motion to strike.  Instead, she filed the

---

[1] Plaintiff filed a late "response" to the summary judgment motion on March 22, 2024 (Dkt. No. 183).

2

other instant motion, namely Plaintiff's "Motion to Quash Defendant's Motion to Strike [Plaintiff's motion to reopen]" (hereinafter, "Plaintiff's motion to quash"), whereby she seeks to "quash" SPS's motion to strike based on SPS's asserted failure to comply with the meet and confer requirement of L. R., D. Mass. 7.1(a)(2) (Dkt. No. 159).

## II. Applicable Legal Standards

SPS invokes two procedural mechanisms for the court to strike Plaintiff's motion to reopen, those being Fed. R. Civ. P. 12(f) and Fed. R. Civ. P. 11. Rule 12(f) endows a court with "considerable discretion" to strike "from a pleading ... any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613, 618 (1st Cir. 1988). However, "[m]otions brought under Rule 12(f) 'are narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion.'" *Boreri v. Fiat, S.p.A.*, 763 F.2d 17, 23 (1st Cir. 1985) (citations omitted). Rule 11, in turn, provides that, by presenting a pleading, written motion, or other paper to the court, an attorney or unrepresented party certifies to the best of her knowledge, information, and belief, formed after reasonable inquiry that, *inter alia*, it is not being presented for an improper purpose, including to harass, and any factual contentions have evidentiary support or are likely to have evidentiary support after reasonable investigation or discovery. Fed. R. Civ. P. 11(b)(1) & (b)(3). A party may move for sanctions under Rule 11, but the motion can only be filed with the court 21 days after it is served on the party against whom sanctions are sought, during which time that party can withdraw or correct the challenged paper. Fed. R. Civ. P. 11(c)(2). This allows parties to avoid sanctions if they withdraw or correct contentions after a potential violation is called to their attention. *See* Advisory Committee Notes to 1993 Amendment.

Plaintiff, for her part, invokes L.R., D. Mass. 7.1(a)(2) as a basis to quash Defendant's motion to strike. The rule "is designed to force parties to present issues to the Court only after they have determined that judicial intervention is necessary." *Murray v Uber Techs., Inc.*, 486 F. Supp. 3d 468, 474 (D. Mass. 2020) (citing *Converse, Inc. v. Reebok Intern. Ltd.*, 328 F. Supp. 2d 166, 170-71 (D. Mass. 2004)). Thus, when it operates properly, "it 'fosters discussion between parties about matters before they come before the court, and it preserves scarce judicial resources.'" *Hootstein v. Amherst-Pelham Reg'l Sch. Comm.*, 361 F. Supp. 3d 94, 103 (D. Mass. 2019) (quoting *Martinez* v. *Hubbard*, 172 F.Supp.3d 378, 385 (D. Mass. 2016)). "A district court possesses "'great leeway in the application and enforcement of its local rules.'" *Murray.*, 486 F. Supp. 3d at 474 (quoting *United States v. Roberts*, 978 F.2d 17, 20 (1st Cir. 1992)).

### III.  Discussion

#### A.  SPS's Motion to Strike

The premise for SPS's motion to strike is that Plaintiff makes scandalous allegations against counsel for SPS, namely that they perpetrated a fraud on the Bureau of Special Education Appeals ("BSEA"), which constitutes both legal malpractice and criminal activity warranting disbarment and possible jail time. Specifically, in Plaintiff's motion to reopen, she accuses SPS's lawyers of making false statements to the BSEA hearing officer and fraudulently concealing emails that showed that SPS made an error in Ollie's federal monitoring data that resulted in his not being eligible for a COVID-19 modified competency determination ("CD") diploma and instead put him on a life skills track (Dkt. No. 147). SPS seeks to strike the entire pleading pursuant to Fed. R. Civ. P. 12(f).[2]

---

[2] SPS also opposes the motion on its merits (Dkt. No. 148). In addition to denying that any concealment of relevant information occurred, SPS argues that the BSEA has no jurisdiction to decide matters relating to graduation and the awarding of diplomas and that coding was not an

"Scandalous matter constitutes statements that 'improperly cast[ ] a derogatory light on someone.'" *Carney v. Town of Weare*, Civil No. 15-cv-291-LM, 2016 WL 320128, at *5 (D.N.H. Jan. 26, 2016) (citation omitted).  "As to scandalous matter, 'it is not enough that the matter offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action.'" *Autila v. Mass. Bay Transp. Auth.*, 342 F.R.D. 23, 31 (D. Mass. 2022) (quoting *In re Gitto Global Corp.*, 422 F.3d 1, 12 (1st Cir. 2005)).  Moreover, "[e]ven when technically appropriate and well-founded, Rule 12(f) motions are not granted in the absence of a showing of prejudice to the moving party." *Fraser v. Prudential Ins. Co. of Am.*, Civil Action No. 14-14161-GAO, 2018 WL 1940008, at *3 (D. Mass. Feb. 2, 2018), *report and recommendation adopted sub nom*. *Fraser v. Prudential Ins. Agency, LLC*, 1:14-CV-14161, 2018 WL 1971564 (D. Mass. Mar. 15, 2018) (quoting *SEC v. Nothern*, 400 F. Supp. 2d 362, 364 (D. Mass. 2005)).  Here, SPS does not allege prejudice to its position in this litigation or to the SPS attorneys whom Plaintiff accuses of fraudulently concealing emails that concern an issue that was not the subject of the pending BSEA litigation.  (Indeed, at least some, if not all, of the emails did not even exist when they were allegedly concealed.)  Where such prejudice is not readily discernable, and where the court believes that a complete record of the filings in this case is preferable to one from which filings have been stricken, this court declines to grant the rare relief that is sometimes available under Rule 12(f).  In addition, with respect to SPS's motion under Rule 11, there is no record of SPS having served its motion on Plaintiff 21 days before filing it with this court, and, therefore, sanctions under Rule 11 are also unwarranted.  For these reasons, the court denies SPS's motion to strike Plaintiff's motion to reopen.

---

issue in either *Ollie I* or *Ollie II* so there would be no motivation for the alleged fraudulent concealment.

B. <u>Plaintiff's Motion to Quash</u>

Plaintiff's motion to quash is based on the allegation that SPS failed to comply with the meet and confer requirement of L. R., D. Mass. 7.1(a)(2).  In fact, counsel for SPS does certify that "the parties conferred and attempted in good faith to resolve or narrow the issues presented" in the motion (Dkt. No. 155 at 2).  Nevertheless, SPS has not responded to Plaintiff's factual or legal argument.  Notwithstanding SPS's silence, Plaintiff's motion does not warrant significant discussion.  While a litigant's failure to observe the Local Rules may warrant sanctions, omitting to confer prior to filing a motion certain to be opposed does not call for so severe a sanction as summary denial.  *Gerakaris v. Champagne*, 913 F. Supp. 646, 651 (D. Mass. 1996).  *See also Hootstein*, 361 F. Supp. 3d at 103 (noting that even though dismissal of a noncompliant motion is available as a sanction, it is not always appropriate).

**IV.    Conclusion**

For the foregoing reasons, SPS's motion to strike (Dkt. No. 155) and Plaintiff's motion to quash (Dkt. No. 159) are DENIED.

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

DATED:  September 6, 2024