UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KELLY LaROE,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMONWEALTH OF MASSACHUSETTS, DIVISION OF LAW APPEALS BSEA, and SPRINGFIELD PUBLIC SCHOOLS,<br><br>    Defendants | Civil Action No. 21-30020-MGM |

MEMORANDUM AND ORDER RE: REPORT AND RECOMMENDATION ON
SPRINGFIELD PUBLIC SCHOOLS' MOTION FOR SUMMARY JUDGMENT
ON *OLLIE II* AND BSEA'S MOTION FOR SUMMARY JUDGMENT ON THE
ISSUE OF EQUITABLE TOLLING IN *OLLIE II*
(Dkt. Nos. 254, 258 & 279)

August 7, 2025

MASTROIANNI, U.S.D.J.

The sole issue addressed in this ruling is whether the portions of Plaintiff's Amended Complaint appealing a Massachusetts Bureau of Special Education Appeals ("BSEA") ruling, known within this litigation as *Ollie II*, will be dismissed. It is uncontested that Plaintiff did not timely file her appeal of *Ollie II*, but she asserts she is entitled to equitable tolling because she suffered from physical and mental health conditions which prevented her from filing a timely appeal. Springfield Public Schools ("SPS") and BSEA have moved for summary judgment in their favor on the issue of Plaintiff's entitlement to equitable tolling. (Dkt. Nos. 254, 258.) This court referred the motions to Magistrate Judge Katherine A. Robertson for a Report and Recommendation ("R&R"). (Dkt. No. 271.) In a detailed R&R, issued on July 14, 2025, Judge Robertson recommended the court grant the motions for summary judgment on the issue of Plaintiff's entitlement to equitable tolling filed by SPS and BSEA. (Dkt. No. 279.) No objections were filed within the fourteen-day period provided

pursuant to Fed. R. Civ. P. 72(b). Earlier, while the motions were pending before Judge Robterson, Plaintiff also failed to contest the statements of undisputed material facts filed by SPS and BSEA.

As Judge Robertson explained in her R&R, summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In other words, if a moving party demonstrates that there are no genuine issues of material fact, the court applies the law to those facts, drawing all reasonable inferences in the nonmovant's favor, and enters the appropriate judgment. When moving parties submit statements of undisputed material facts and the nonmovant fails to file a counter statement identifying evidence of factual disputes, the facts set forth by the moving parties are deemed admitted. Local Rule 56.1.

Equitable tolling is only available in "exceptional circumstances" when some "extraordinary circumstance" has prevented an otherwise diligent litigant from filing a timely action. *Martin v. Somerset Cnty.*, 86 F.4th 938, 945 (1st Cir. 2023). The court agrees with Judge Robertson that the factual record in this case cannot support equitable tolling. Despite her mental and physical disabilities, during the *Ollie II* appeal period Plaintiff worked as a special education advocate, engaged in email correspondence with BSEA, and filed an action with the Massachusetts Commission Against Discrimination. Her ability to engage in these activities is inconsistent with her assertion that her health conditions prevented her from filing a timely appeal of *Ollie II*.

In conclusion, based upon the thorough analysis presented in the R&R, and noting there are no objections, the court hereby ADOPTS the Report and Recommendation. (Dkt. No. 279.)

It is So Ordered.

   /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge