UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KELLY LaROE,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMONWEALTH OF MASSACHUSETTS, DIVISION OF LAW APPEALS BSEA, and SPRINGFIELD PUBLIC SCHOOLS,<br><br>    Defendants | Civil Action No. 21-30020-MGM |

<u>MEMORANDUM AND ORDER RE: REPORT AND RECOMMENDATION ON
DEFENDANT, SPRINGFIELD PUBLIC SCHOOLS' RENEWED MOTION
FOR THE SANCTION OF DISMISSAL OF PLAINTIFF'S RETALIATION CLAIMS
FOR CONTINUED REFUSAL TO COMPLY WITH DISCOVERY ORDER &
RELATED MOTIONS FILED BY PLAINTFF</u>
(Dkt. Nos. 262, 265, 274, 277 & 281)

January 9, 2026

MASTROIANNI, U.S.D.J.

The sole issue addressed in this ruling is whether the court will sanction Plaintiff for her repeated and deliberate refusal to comply with the court's discovery orders (Dkt. Nos. 182, 192, 219, 233, 249, and 251) by dismissing her retaliation claim, the only surviving claim against the one remaining Defendant, Springfield Public Schools ("SPS"). Following extensive litigation, detailed in prior orders, on March 21, 2025, SPS filed its Renewed Motion for the Sanction of Dismissal of Plaintiff's Retaliation Claims for Continued Refusal to Comply with Discovery Order (Dkt. No. 262). This court referred the motion to Magistrate Judge Katherine A. Robertson for a Report and Recommendation ("R&R") (Dkt. No. 271.) In a detailed R&R, issued on December 23, 2025, Judge Robertson recommended the court grant the motion and dismiss this case with prejudice. (Dkt. No. 281.) She also recommended the court deny three pending motions filed by Plaintiff, either because they were improperly filed (Dkt. No. 277) or because they are rendered moot by the dismissal of the

case (Dkt. Nos. 265 and 274). No objections, or requests for additional time, were filed within the fourteen-day period provided pursuant to Fed. R. Civ. P. 72(b).

As Judge Robertson detailed in her R&R, Plaintiff has repeatedly failed to respond to SPS's written discovery requests, despite multiple court orders directing her to do so and cautioning that continued failure to comply could result in dismissal of her retaliation claim. When a party fails to obey discovery orders, district courts may impose sanctions on that party, including dismissal. Fed. R. Civ. P. 37(b)(2). While dismissal is a severe sanction, a party's repeated refusal to cooperate in discovery creates a roadblock that prevents the court from reaching a final judgment on the merits. In this circuit, there is no mechanism by which a litigant can appeal discovery orders, or an order of civil contempt entered following a refusal to comply with discovery orders, prior to entry of final judgment. *See Appeal of Light & Semonoff*, 796 F.2d 564, 568 (1st Cir. 1986). Therefore, for the reasons described in the R&R, the court finds that dismissal of the retaliation claim is an appropriate sanction for Plaintiff's continued refusal to cooperate with the court's discovery orders.

In conclusion, based upon the thorough analysis presented in the R&R, and noting there are no objections, the court hereby ADOPTS the Report and Recommendation (Dkt. No. 281), GRANTS SPS's renewed motion for the sanction of dismissal (Dkt. No. 262) and DISMISSES with prejudice Plaintiff's claim for retaliation against SPS. The court also DENIES Plaintiff's pending motion captioned Motion to Not Have Case Dismissed as Sanction (Dkt. No. 277), as the filing is more properly viewed as an opposition to SPS's motion, and finds MOOT Plaintiff's motions requesting the exclusion of certain evidence and a reasonable accommodation hearing (Dkt. Nos. 265 and 274). This case may now be closed.

It is So Ordered.

    /s/ Mark G. Mastroianni  
MARK G. MASTROIANNI  
United States District Judge